NORTHERN TRUST COMPANY v. ALBERT LEA COLLEGE and Others.[1]

May 6, 1897.

Nos. 10,163—(69).

**Judgment by Default—Relief.**
The power of the court to grant relief in a judgment by default is limited to that demanded in the complaint.

**Same—Correction on Appeal.**
Where a default judgment is not justified by the complaint and its prayer for relief, the error may be reviewed and corrected by an appeal from the judgment.

**Same—Validity.**
*Held*, that the default judgment in this case granted material relief to the plaintiff in excess of that prayed in the complaint.

Action by the Northern Trust Company against the Albert Lea College, its trustees, and all others interested in the property the mortgage on which is sought to be foreclosed. The court found that defendant college was indebted to plaintiff in the sum of $1,030, and also $200 for attorney's fee, and ordered judgment for the same and a sale of the mortgaged premises to pay the amount of the judgment

[1] Reported in 71 N. W. 9.

and the expenses of the sale. From a judgment entered in the district court for Freeborn county, pursuant to the findings and order of Whytock, J., defendant R. R. Abbott and the trustees appealed. Remanded, with directions.

*Chas. E. Vanderburgh,* for appellants.
*Carman N. Smith,* for respondent.

START, C. J.[2] This is an appeal by defendant trustees from a judgment entered herein by default. The only alleged error which can be here reviewed is the one that the complaint and prayer for relief do not justify the judgment. If it appears from the face of the record that such is the case, the error may be reviewed and corrected on appeal from the judgment, for it was entered by and in accordance with the order of the trial court. White v. Iltis, 24 Minn. 43. "The relief granted to the plaintiff, if there is no answer, cannot exceed that which he has demanded in his complaint." G. S. 1894, § 5413; Prince v. Farrell, 32 Minn. 293, 20 N. W. 234. The reason and fairness of this statutory rule, which is practically the old equity rule, is obvious. The defendant by his default submits, without contest on his part, to the court, only the claim of the plaintiff for the relief prayed in the complaint. But if a different or greater relief were demanded, he might appear and contest it as unjust; hence the statute wisely limits the power of the court in awarding judgment by default to that asked for in the complaint, to the end that the defendant may safely omit to appear in cases where he is willing to submit to the court, without contest, the claim of the plaintiff to the specific relief invoked in his complaint. It necessarily follows, from the reason and object of the rule, that a defendant, by failing to answer, does not waive his right to have a judgment taken against him by default corrected and made to conform to the relief asked.

That the relief granted to the plaintiff by the judgment in this case was materially different and greater than that justified by the complaint and prayer for relief is manifest from a comparison of the complaint with the judgment. The allegations of the former and its prayer for the relief are, briefly stated, these: That on October 21, 1889, the defendant college executed to the defendant trustees its

[2] Mitchell, J., took no part.
68 M.—8

promissory notes for the aggregate sum of $15,000, twelve for $1,000 each, and six for $500 each, all payable in five years, with interest, and secured their payment by a mortgage to the trustees on real estate owned by it for the pro rata benefit and security of all of the holders of the notes; that all of the notes were sold before maturity and for value by the trustees for the benefit of the defendant college; that the plaintiff is the owner of one of the $1,000 notes, which is past due and unpaid; and that it is informed and believes that none of the promissory notes secured by the mortgage have been paid, and each and all of them are due and payable; that the plaintiff requested the trustees to foreclose the mortgage, which contained the usual power of sale, and provided for necessary attorney's fees for its foreclosure, not exceeding $200, for the benefit of the several holders of the notes, but the trustees refused so to do.

"Wherefore, the plaintiff prays that an account may be taken of the amount due on said mortgage debt, and that the said mortgage be foreclosed, and the defendants, Albert Lea College, and Horatio D. Brown, D. R. P. Hibbs, and Charles Kittelson, as trustees, be foreclosed of all equity of redemption or other interest in said mortgaged premises, and the property therein described be sold by the sheriff of Freeborn county, state of Minnesota, and the proceeds applied to the payment of said mortgage debt and the costs and disbursements of plaintiff in this action, and the sum of two hundred (200) dollars attorney's fees, as stipulated in said mortgage."

The summons was personally served on the trustees, and they did not answer. Thereupon the case was brought on for hearing ex parte, and judgment entered by direction of the court, adjudging a foreclosure of the mortgage and sale of the mortgaged premises for the exclusive benefit of the plaintiff, and excluding the defendant trustees and all of the other holders from all interest in the proceeds from a sale of the premises, and from all interest in the premises except the right to redeem. The plaintiff by its complaint conceded that the unpaid mortgage indebtedness was $15,000, of which it owned a one-fifteenth part only, and that the other note holders whom the trustees represented, and who would be bound by the judgment against the trustees, were equally entitled to the security of the mortgage and to share in the proceeds of the sale; and it only asserted and claimed the equitable right to foreclose the mortgage for the common benefit of all

of the holders of the notes, because the trustees refused so to do; and its prayer for relief was in accordance with such claim.

If the judgment had been entered in accordance with the complaint and its prayer, the rights of the trustees and of all the holders of the notes would have been fully protected. The trustees had a legal right to assume that it would be so entered. The case must therefore be remanded to the district court, with directions to modify the judgment so as to conform to the complaint and its prayer, and particularly so as to provide, in lieu of the disposition of the proceeds from the sale of the premises directed in the judgment, that out of the proceeds of such sale, after deducting the amount of his fees and expenses of such sale, the sheriff pay to the plaintiff or its attorney the sum of $200 adjudged to it for necessary attorney's fees, and the costs and disbursements herein; that he also pay to the plaintiff or its attorney the one-fifteenth part, provided it does not exceed the amount of its debt and interest, of the residue of such proceeds; that he pay the remaining fourteen-fifteenths of such residue into court for the trustees, to be distributed by them, under the direction of the court, to the owners of the balance of the mortgage debt, and that the court retain jurisdiction of the case for the purpose of making such distribution.

So ordered.

CANTY, J. (dissenting). I cannot concur in the foregoing opinion. The trust deed in this case is in the ordinary form, and purports to convey the real estate to the three trustees to be held in trust as security for the payment of $15,000 in bonds, which were not at the time negotiated. It gives the trustees the power, in case of default, to foreclose the mortgage by a sale of the real estate pursuant to statute, or by an action in court. The cestui que trust is given no power whatever under the mortgage. The three trustees named in the mortgage were made parties defendant in this action, were personally served with summons, and are in default for want of an answer. None of the bondholders except plaintiff have been made, or have sought to be made, parties to the action. Under these circumstances, the trustees represent all of the other bondholders, the default of the former is the default of the latter, and a judgment which binds the former binds the latter. Richter v. Jerome, 123 U. S. 233, 8 Sup. Ct. 106.

The plaintiff is not a trustee for any of these other parties. He

owed them no duty but to bring them into court and give them a chance to assert their rights.   This he has done by bringing the trustees into court.   Neither the plaintiff nor the court below is bound to pursue these other parties, and compel them to take something which they do not want.   Not only is this so, but it would be error to give them something which by their default they have refused to accept, and for this error the mortgagor would, on appeal, be entitled to a reversal.   The form of the prayer for relief cannot repeal or set aside these rules of law.   True, the plaintiff cannot have more relief than he has prayed for in his complaint; but he should be allowed to take less.   The plaintiff has asked that this mortgage be foreclosed to pay the mortgage debt.   After all the other bondholders had by their default abandoned the mortgage security, plaintiff's $1,000 and interest thereon is all there is left of the mortgage debt.   That part of the prayer for relief which asks for an accounting has no application, and would only apply where other bondholders had come in, as they were all invited to do, and claimed a part of the fund.

But even this is, considering the merits of the case, not before the court.   There is nothing here but the complaint, order for judgment reciting proof of service, and the default of defendants in failing to answer, and the judgment entered thereon.   Every presumption is in favor of the regularity of that judgment.   Error must affirmatively appear.   No findings of fact were necessary, and the evidence submitted to the court below on the application for judgment has not been returned.   Conceding, for the sake of argument, that it was the duty of the court to take the accounting prayed for in the complaint, still, for all that appears, it may have been shown on the application for judgment that all the other bonds had been paid since the commencement of this action, or the mortgage had as to them been released, or that the other bondholders had expressly refused to participate in this foreclosure, or in the proceeds of the same, and had abandoned this mortgage security.   This court has no right, on the face of this record, to indulge in the double presumption that the trustees failed to do their duty, and that the court below failed to do its duty, even if it was its duty to pursue the trustees and other bondholders, and ascertain whether the trustees had committed a breach of trust by failing to answer.   If, on a proper showing, the trustees had moved to set aside

their default, and to be allowed to answer, or if, on a proper showing, the other bondholders had moved for leave to intervene and assert their rights for themselves, there might be something before the court to pass upon.

But on the record as it now stands the judgment should be affirmed.