Good v. Schiltz, 195 Wis. 481.

---

GOOD, Respondent, vs. SCHILTZ, Appellant.

*March 6—April 3, 1928.*

*Automobiles: Gross negligence in operation: Not charged by use of word "recklessly:" Judgment: Excessive relief: Finding of gross negligence on complaint charging ordinary negligence.*

1. In an action for damages sustained by plaintiff and his family and to his car in a highway collision, a finding of the court that defendant negligently, knowingly, and wilfully operated his car with inefficient brakes, contrary to statute and in reckless disregard of the person of plaintiff, is a finding that defendant was guilty of gross negligence.   p. 483.
2. A complaint does not charge gross negligence on the part of the driver of an automobile by the mere use of the word "recklessly" in the sentence "that defendant drove said automobile recklessly and at a speed greater than was reasonable and proper."   p. 484.

3. Under sec. 270.57, Stats., providing that the relief granted plaintiff, if there be no answer, cannot exceed that demanded in the complaint, there can be no recovery on the ground that defendant was guilty of gross negligence, though the amount of damages does not exceed that prayed for, where the complaint asks a recovery on the ground of ordinary negligence. p. 485.

APPEAL from a judgment and an order of the circuit court for Dane county: A. G. ZIMMERMAN, Circuit Judge. *Reversed.*

Action begun on December 28, 1926. Judgment entered June 8, 1927; order denying defendant's motion to set aside judgment entered October 1, 1927.

Personal injuries. Defendant did not answer. Judgment taken upon default. Motion was made to set aside the judgment, which was denied. From the judgment and order denying defendant's motion, defendant appeals. Other facts are stated in the opinion.

For the appellant there was a brief by *Bagley, Spohn & Ross* of Madison, and oral argument by *Frank A. Ross.*

For the respondent there was a brief by *Buell & Lucas* of Madison, and oral argument by *Frank W. Lucas.*

ROSENBERRY, J.   The judgment appealed from was entered upon defendant's default. The question raised is whether or not the pleadings support the judgment. Upon the proof submitted the court found the defendant guilty of gross negligence. Defendant claims that in the complaint which was served upon him ordinary negligence was alleged and that the complaint does not therefore support a judgment for gross negligence. The material allegations are as follows:

"That the automobile driven by defendant was not in a fit condition for operation upon the public highways and that defendant drove said automobile recklessly and at a rate of speed greater than was reasonable and proper with

regard to the width, traffic, and use of said highways and the rules of the road, and so as to endanger property upon and the lives and limbs of persons traveling along said above mentioned highways, and so negligently operated and managed said automobile that it struck plaintiff's automobile, greatly damaging plaintiff's automobile and severely injuring plaintiff and his said wife and son." .

In the prayer for relief, judgment was demanded for the sum of $1,101. Upon the evidence submitted the court found:

"That at the time of the collision the brake linings of defendant's automobile were so worn and frayed that they projected and hung outside the brakes, thereby rendering the brakes of little or no efficiency, and that said condition of the brake linings had existed for such a length of time that defendant had knowledge that the brakes were inefficient, and that defendant, at the time of the accident, negligently, knowingly, and wilfully operated his automobile with inefficient brakes, contrary to sec. 85.09 of the Wisconsin Statutes and in reckless disregard of the lives, persons, and property of the plaintiff, his wife and son,"—

thus finding the defendant guilty of gross negligence. *Herrem v. Konz,* 165 Wis. 574, 162 N. W. 654; *Hafemann v. Seymer,* 191 Wis. 174, 210 N. W. 373.

Sec. 270.57, Stats., provides: "The relief granted to the plaintiff, if there be no answer, cannot exceed that which he shall have demanded in his complaint." See, also, 33 Corp. Jur. 1147 and cases cited note 93.

The reason for the rule has been stated thus:

"The reason and fairness of this statutory rule, which is practically the old equity rule, is obvious. The defendant by his default submits, without contest on his part, to the court, only the claim of the plaintiff for the relief prayed in the complaint. But if a different or greater relief were demanded, he might appear and contest it as unjust; hence the statute wisely limits the power of the court in awarding judgment by default to that asked for in the complaint, to the end that defendant may safely omit to appear in cases

where he is willing to submit to the court, without contest, the claim of the plaintiff to the specific relief invoked in his complaint." *Northern Trust Co. v. Albert Lea College,* 68 Minn. 112, 71 N. W. 9. See *Whitehill v. Jacobs,* 75 Wis. 474, 44 N. W. 630.

In this case the complaint as served prayed for money judgment $1,101. The judgment entered was for $1,065, so that the relief granted was no greater in amount than the relief prayed for. It is contended, however, that the defendant was found guilty of gross negligence and that the damage awarded was therefore upon a different cause of action than that set out in the complaint as served. The claim made by the plaintiff that the complaint as served charged gross negligence is based solely upon the use of the word "recklessly" in the sentence "That the defendant drove said automobile recklessly and at a rate of speed greater than was reasonable and proper." This contention is clearly overruled by *Bentson v. Brown,* 186 Wis. 629, 203 N. W. 380. It is considered, therefore, that the complaint as served charged ordinary negligence and that the recovery was for gross negligence. The question is, therefore, Can such a recovery be sustained under the statute? In *Zwickey v. Haney,* 63 Wis. 464, 23 N. W. 577, the complaint in foreclosure alleged that there was two years' interest due; there was no answer; the court found three years' interest due and recovery was had accordingly. It was argued that the statute did not apply to a foreclosure action, where the court is required to ascertain and fix the amount of the mortgage debt. The court said:

"We are unanimously of the opinion that the true and proper rule on the subject is, where there is no answer, to hold that the plaintiff should not recover an amount exceeding that claimed in the complaint, or have any different relief than is therein demanded." See, also, *Whitehill v. Jacobs,* 75 Wis. 474, 44 N. W. 630; *Geer v. Holcomb,* 92 Wis. 661, 66 N. W. 793.

In this case the plaintiff served a complaint seeking a recovery upon the ground of ordinary negligence. Recovery was had upon the ground that the defendant was guilty of gross negligence. The legal effect of a judgment for gross negligence is quite different from the effect of a judgment for ordinary negligence. Within the rule of the cases referred to it is considered that the relief granted exceeded that which was demanded in the complaint, and the judgment was therefore erroneous.

*By the Court.*—Judgment appealed from is reversed, and cause remanded for further proceedings.

STEVENS, J., took no part.