CITY OF WAUWATOSA, Respondent, vs. UNION FREE HIGH SCHOOL DISTRICT and others, Appellants.

*December 8, 1933—January 9, 1934.*

37

*Gilbert J. Davelaar* of Milwaukee, for the appellants.
*Albert B. Houghton* of Milwaukee, for the respondent.

WICKHEM, J. The plaintiff, city of Wauwatosa, was created a city by letters patent issued May 27, 1897, under the general charter laws of the state. For years the city has maintained a high school under the supervision of its board of education. This high school was established and is maintained under sec. 925—113, Stats. 1898, and sections following, which provide for a city school system and a board of education for the city, and authorize the board of education to establish high schools. The defendant Union Free High School District was organized in January, 1924, with the advice and consent of the state superintendent of schools. It comprises the territory included within the town and city of Wauwatosa. The defendant district has never established or maintained a high school, and pupils within the Union District have been compelled to attend other high schools. In general, students residing in the city of Wauwatosa have

attended the high school maintained by the plaintiff, and many residing in the town have also attended this school.

The contention of plaintiff is that by virtue of the statutory provisions applicable to this situation, the Union Free High School District must pay tuition to plaintiff for all students attending plaintiff's high school who reside within the Union District, whether they reside in the city of Wauwatosa or within the town of Wauwatosa. The section of the statutes relied upon by plaintiff is sec. 40.52 (4m), Wis. Stats. 1923 and 1925, which reads as follows:

"Whenever in any year, including the current year, no high school is maintained in any union free high school district, and high school pupils residing in such district attend or have attended a high school in some other district, the electors or board of such union free high school district shall pay the tuition of such pupils in such other high school, and for such purpose, if no funds are immediately available, shall levy a sufficient tax to cover such tuition."

It is the contention of the defendant that the section in question is intended to apply only where the territory comprising a union free high school district is entirely without any high school. Emphasis is placed upon the word "in" where it occurs in the statute,—"Whenever in any year, including the current year, no high school is maintained *in* any union free high school district." It is insisted that the statute means literally what it says, and that to sustain the position of the plaintiff means to read into the statute the word "by" in place of the word "in."

Defendant's position cannot successfully be maintained. Plaintiff and defendant are completely separate municipal corporations, although the territory of one overlaps that of the other. Under the statutes a high school for the free instruction of students living in a joint school district exists in that district only if it is maintained by the union district itself and is available as a free high school to all residents of

the district. Whether the word "in" be given its literal significance or interpreted as meaning "by," the same result is reached. The students who are residents of the union school district, whether they are residents of the city or town of Wauwatosa, have no high school maintained by or for the benefit of the union school district, and are compelled to attend a high school which in legal contemplation exists only in a separate municipality.

It is the contention of defendant that the right of plaintiff to charge tuition is governed by sec. 40.53 (2) and subsequent sections, which authorize a tuition fee of not to exceed two dollars per week to be charged to pupils prepared to enter a free high school maintained by any free high school district, who may reside in any town or incorporated village "but not within any free high school district." This section has no application since all students, the tuition of whom is involved in this case, reside in a free high school district.

Sec. 40.47 (7), Stats. 1923 and 1925, provides as follows:

"If an existing free high school district is included in the tract proposed for a union free high school district the establishment of the union free high school district, as provided in this section and of a union free high school as herein provided, shall annul the organization of any such existing free high school district."

This section was in effect at the time the Union Free High School District was established. It has no application to the present case for the reason that the contingency named by the statute as effective to annul the organization of the plaintiff district has never happened. The defendant has never provided a union free high school. The amendment of the law in 1927 removed this as a condition, and provided that the establishment of the new district would annul any existing school districts within the territory covered, and that the property and liabilities in the old district would become those of the new. While the first of these sections has no operation

here because its terms have not been satisfied, and while the second does not apply because it was not passed until after the organization of the school district, both throw light upon the legislative intent. It is apparent that the legislature never contemplated the indefinite continuance of a union free district and another high school district in the same territory. It was supposed by the legislature that the union district would shortly, or at least ultimately, displace the existing district. The fact that this has not occurred in this case gives rise to the rather unique question here presented. Sec. 40.47 (7) does indicate that it was the intent of the legislature that the union school district was to assume responsibility within its confines for securing to the students domiciled there a high school education, either through the erection and maintenance of a union free high school or the payment of their tuition in another district which did maintain a free high school which its residents were compelled to attend by reason of its failure to establish a high school within the district.

Defendant attacks the constitutionality of sec. 40.52 (4m), if construed as plaintiff contends. It is asserted that this section would then be repugnant to the provisions of sec. 3, art. X, of the Wisconsin Constitution, which reads as follows:

"The legislature shall provide by law for the establishment of district schools, which shall be as nearly uniform as practicable; and such schools shall be free and without charge for tuition to all children between the ages of four and twenty years; and no sectarian instruction shall be allowed therein."

We regard this claim to be without merit. It has always been held that the provisions of this section are not violated by compelling pupils of one district to pay tuition to entitle them to attend school in another district. *Maxcy v. Oshkosh,* 144 Wis. 238, 128 N. W. 899, 1138; *State ex rel.*

*Comstock v. Joint School District,* 65 Wis. 631, 27 N. W. 829. The case of *State ex rel. Smith v. Board of Education of the City of Eau Claire,* 96 Wis. 95, 71 N. W. 123, is cited to support the position that a pupil may not be charged tuition for attending a school maintained by the district of which he is a resident. From this it is argued that to permit the city of Wauwatosa to collect tuition for city pupils from the defendant Union Free High School District would amount to charging tuition for those pupils as to whom the city has the obligation of providing a free high school. The difficulty arises from the fact that the territory of the two municipal corporations overlaps. The pupil who resides in Wauwatosa resides in two school districts, the Union Free High School District and the city of Wauwatosa school district. However, this case does not involve the liability of the parents of any child to pay tuition but rather the relative obligations of two school districts, each of which is a separate legal entity and one of which the statute has made responsible for providing high school facilities for the children of its residents, either by building and maintaining a school or by paying the tuition of its residents elsewhere. As between these two, the pupils resident in the city must be treated as residents of the union district, attending a high school not maintained by the district. Under these circumstances the act is not repugnant to sec. 3, art. X, Const.

Defendant contends that the affirmance of the judgment in this case would constitute double taxation, and that the section under examination, sec. 40.52 (4m), construed as contended for by the plaintiff, accomplishes the following iniquities: (1) double taxation upon property in the district situated in plaintiff city; (2) a tax upon the entire district for tuition, though the portion in said district situated in the town of Wauwatosa may be denied the attendance by its pupils at the free high school of the plaintiff. It is contended

that this offends sec. 1, amendm. XIV, Constitution of the United States, in that it denies equal protection of the laws, and that it also violates the equivalent provisions of the Wisconsin Constitution. To this proposition *State ex rel. Mason v. Larsen,* 169 Wis. 298, 172 N. W. 707, and *State ex rel. Milwaukee Sales & Inv. Co. v. Railroad Comm.* 174 Wis. 458, 183 N. W. 687, are cited. It again becomes important to repeat that this is not an action brought by the plaintiff to recover of the pupils or their parents, but by one municipality against another. This being true, there is no double charge to the city of Wauwatosa, since the money recovered from the Union Free High School District goes into the treasury of the city of Wauwatosa, is used for high school purposes, and diminishes taxation for those purposes to the extent that it is so received and so applied. With respect to the second objection, it would seem to be immaterial that plaintiff could exclude from its schools pupils from the town of Wauwatosa. No tuition may be charged by plaintiff for such pupils unless they attend plaintiff's school, and if they are excluded, defendant district will simply have the obligation of paying tuition to such other high school district as may accept them.

Defendant further contends that the judgment violates sec. 270.57, Stats., which limits the relief granted to the plaintiff, if there be no answer, to that which he shall have demanded in his complaint. This is without merit. There was an answer interposed, and assuming that the judgment gives more relief than the complaint demands, the allegations and proof warrant the judgment and the statute authorizes such relief where an answer is interposed.

The provision in the judgment permitting plaintiff to offset against any tax levied by the defendant district the amount due to it for tuition, is considered not to be erroneous. It simply makes unnecessary the useless formality otherwise involved in the collection of tuition by the city from the union school district, and the subsequent payment by the city in the form of union school district taxes the amount thus

collected. It is a legitimate short-cut and is neither erroneous nor prejudicial to the defendant.

Objection is made to permitting plaintiff to recover interest from the 4th day of July, 1924, it being contended that if interest may be recovered it could only be from the date of the commencement of the action, citing *Whereatt v. Ellis,* 68 Wis. 61, 30 N. W. 520, 31 N. W. 762. That case, however, related to an unliquidated claim. Here the refusal of the defendant district resulted in the denial of a liquidated claim, and the plaintiff was entitled to interest as awarded. *State v. Milwaukee,* 158 Wis. 564, 149 N. W. 579.

Defendant further objects that the judgment is erroneous in that it directs a tax levy and that a court has no power to levy a tax without legislative authority. It is contended that in this state sec. 66.09 (2) provides the complete machinery to take care of judgment creditors of municipal units. This section provides:

"In the case of school districts or community centres, transcript and affidavit shall be filed with the clerk of the town, village or city in which the district or any part of it lies, and levy shall be made against the taxable property of the district or centre."

The judgment reads in part as follows: "It is further adjudged that a tax be levied by the Union Free High School District of the town and city of Wauwatosa for the collection of such sum." It will be noticed that the judgment simply follows the statute and judicially declares the duty which the statute imposes. The mere adjudication that it was the duty of the district to levy a tax does not constitute the levy of the tax by the court. The embodying of such a provision in the judgment was not error, although it might have been superfluous. Certainly it was not prejudicial to the rights of the defendant.

It appears that in 1925 plaintiff billed the town of Wauwatosa for $9,190, for tuition of students residing in that town and attending plaintiff's high school from January to June,

44

1924, and that this bill was paid. While the record is not entirely clear upon the subject, it is open to the inference that there is an overlapping of the period collected for from the town and that for which tuition is claimed from defendant in this case. Since, however, this is a matter between plaintiff and the town of Wauwatosa, and since the latter is not a party here, we deem it of no materiality in this action.

*By the Court.*—Judgment affirmed.