McCartie, Respondent, vs. Muth and another, Appellants. [Three cases.]

*February 8—March 7, 1939.*

For the appellants there was a brief by *Jeffris, Mouat, Oestreich, Wood & Cunningham* of Janesville, and oral argument by *Otto A. Oestreich.*

For the respondents there was a brief by *Nolan, Dougherty, Grubb & Ryan,* attorneys, and *Paul N. Grubb* and *John T. Roethe* of counsel, all of Janesville, and oral argument by *Mr. William H. Dougherty* and *Mr. Roethe.*

FOWLER, J. The plaintiffs sue the defendant Muth and his indemnity insurer to recover for their injuries received while riding in an automobile driven by plaintiff Ervie McCartie in a collision with an automobile driven by the defendant Muth, alleged to have been caused by the negligence of Muth. The automobiles were proceeding in opposite directions on a highway. Both drivers were found guilty of causative negligence, Muth as to lookout, control, and being offside; McCartie as to lookout; Muth seventy per cent and McCartie thirty per cent. Ervie McCartie was awarded judgment on the verdict for seventy per cent of his damages awarded by the jury, each of the others for the full amount awarded.

The appellants claim that, (1) the court erred in not dismissing the complaints because the evidence does not support

a finding of any negligence by the defendant Muth; (2) in not granting new trials because the verdicts are excessive; (3) in granting the motion to amend the *ad damnum* clause in the case of Doloris McCartie.

(1) This appears to us to be the ordinary automobile collision case wherein the witnesses on one side testify to one state of facts and those on the other side to another in which case a jury may believe whichever set appears to them to be more credible. But for assignments of error (2) and (3) we would affirm the case without opinion under Rule 64.

(2) (a) The jury assessed the damages of Ervie McCartie at $300 for pain and suffering and $35 for loss of wages. Complaint is only made of these assessments, those for injuries to his automobile and for expense of attendance upon his wife and daughter being uncontested.

The plaintiff was kept from his work just one week, and his wage loss was just $35. His physical injuries were trivial. We consider that $50 is as much as a jury might properly award for them. The judgment is modified by reducing it by seventy per cent of $250 and affirmed as modified, unless the defendants, within ten days from the filing of the remanded record, file their election in writing to take a new trial on the question of damages only, in which event the court shall so order.

(2) (b) The plaintiff Anna McCartie was awarded damages of $665. We consider this as well within the province of the jury to award. She sustained a broken arm, and neurasthenia resulted from the injury which caused her nervousness and great pain from which she was still suffering at the time of trial three and a half months after the injury occurred. Her judgment is affirmed.

(3) The jury awarded to the daughter Doloris, eight years old, $5,000. She sustained a broken arm and a broken nose. The arm is now normal, and recovery followed without any unusual incidents. The bridge of the nose is flattened, leav-

ing the nose saddled or sunken. The disfigurement is apparently serious, but subject to possible, though uncertain, correction by transplating cartilage or bone, the cost of which would be about $500. The assessment of damages in cases of disfigurement of the faces of girls and young women is particularly difficult. There is no rule by which they may be measured. It is the province of the jury to assess them. Their assessments will not be disturbed unless they exceed the bounds of reason and common sense. This court has held the assessments of juries in such cases excessive. In *Krutza v. Milwaukee B. & B. Club Co.* 195 Wis. 5, 216 N. W. 491, an assessment of $5,000 for a scar on the top and back of the head where no hair remained, two inches across and extending three inches on one side of the head and one and three-quarters on the other, coverable by combing the hair back so as not to be very noticeable, was reduced to $3,000, with option to the plaintiff to take a new trial. An assessment of $4,000 for a mouth injury resulting in disfigurement, accompanied by several severe bodily injuries was held not too high. We consider that the assessment in the instant case was too high, and that an assessment of $4,000 was as high as the jury might properly award. The jury assessed the plaintiff's damages at $5,000. After verdict the court granted a motion of the plaintiff to increase the *ad damnum* clause of the complaint to $5,000. The court granted the motion. We consider that the court erred in so doing. The general rule as stated in a note in Ann. Cas. 1913 B, 709, is that the *ad damnum* clause will not be increased after verdict to correspond to the amount assessed by the jury except on condition that the verdict be set aside and a new trial ordered. The rule is so stated in 49 C. J. p. 546. A decision of this court is cited in the note above cited in support of the rule stated, *Pierce v. Northey,* 14 Wis. *9, *15, where it is said:

"The application of the defendant, made after the verdict, for leave to amend his answer, by increasing the sum for

which judgment was demanded against the plaintiff upon his counterclaim, from $248.50 to $365, the amount found by the jury, should have been denied; or if allowed, it should have been upon the condition that the defendant would relinquish the verdict, pay the plaintiff's costs of the trial, and submit to a new trial. This was the rule before the code, and the reasons for it still exist. They are that such amendment without these conditions, would be improper, because the opposite party would have no opportunity of reducing the damages, which on the trial he had no occasion to do by reason of the moderate amount claimed against him. 4 Wend. 362; 7 id. 330; 2 Seld. 105. These reasons apply as well to the amount of the judgment demanded upon a counterclaim as to that claimed by the plaintiff in his complaint; for, as to such counterclaim, the defendant becomes in reality the complaining party, and is bound to state the amount of his damages as much as if he were plaintiff."

The rule of the *Pierce Case* seems never to have been changed by any decision of this court. It was followed, in effect, although not cited, in *Berger v. Abel & Bach Co.* 141 Wis. 321, 328, 124 N. W. 410, wherein a notice of injury required by statute to be served as condition precedent to a personal-injury action, had named $5,000 as the amount of damages claimed. A month later action was commenced and $7,200 demanded as recoverable. The jury returned a verdict of $6,502. This court was of opinion that the damages assessed by the jury were excessive, and reduced the judgment to the amount of $5,000 as claimed in the notice of injury. The rule of the *Pierce Case, supra,* was considered by Judge QUARLES in *Manitowoc Malting Co. v. Fuechtwanger* (C. C.), 169 Fed. 983, 985. The suit was on a contract. It appears that the evidence showed that if the plaintiff was entitled to recover it was entitled to recover at a stated sum per bushel of malt. The *ad damnum* clause was for $10,000. The jury returned a verdict of $21,000, which was correct at the stated rate per bushel if the plaintiff was entitled to recover. The jury had come in after the case had

been submitted to them and asked for instructions as to the amount of damages claimed by the plaintiff. The court had, by consent of counsel, told the jury that the amount of the *ad damnum* clause was $10,000, but had stated that the jury should base its verdict on the evidence. The court also stated during the colloquy before the jury that whether the recovery was limited by the *ad damnum* clause would come up on the question of judgment. On return of the verdict the plaintiff moved the court for leave to amend the *ad damnum* clause to conform to the judgment. The motion was granted without imposing a new trial as condition of granting it. The ruling went in effect upon the point that the damages, if any, were liquidated, and that as the defendants could not dispute the amount if a new trial were ordered the court should not impose the condition. The Wisconsin statute on the power of the court in granting amendments was considered, quoting sec. 2830, R. S., now sec. 269.44, Stats. :

"The court may upon the trial or at any other stage of the action, before or after judgment, in furtherance of justice and upon such terms as may be just, amend any process, pleading or proceeding . . . by inserting other allegations material to the case, or when the amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to the facts proved."

This statute or any other was not mentioned in the *Pierce Case, supra*.

Whether in a case of contract where the damages are liquidated and the jury has assessed the damages in excess of the amount demanded, the granting of a motion to amend the *ad damnum* clause must be conditioned on granting a new trial, we need not here determine. But we consider that in a case where the damages are unliquidated, as here, the granting of the amendment should be denied except on condition of a new trial, at least on the question of damages. Where, as here, the *ad damnum* clause is as high as a jury might

properly award, the new trial should be made optional with the defendant. The judgment in the case of Doloris is modified by reducing the amount to $4,000, unless the defendants shall within ten days from the filing of the remanded record file their election in writing to take a new trial on the question of damages only, in which event the court shall so order.

*By the Court.*—Mandates are entered in accordance with the opinion.