LOFGREN, by Guardian *ad litem,* Respondent, vs. PREFERRED ACCIDENT INSURANCE COMPANY, Appellant, and two other cases.

*February 8—March 7, 1950.*

For the appellant there was a brief by *McGowan, Geffs, Geffs & Block* of Janesville, and oral argument by *Jacob Geffs*.

For the respondents there was a brief by *Gallagher & Bewick* of Evansville, and oral argument by *W. H. Bewick*.

HUGHES, J. We are of the opinion that the judgments of the circuit court must be reversed. To permit the entry of judgment for plaintiffs upon the verdict as amended is to deprive the defendant of a trial by jury.

There is no provision in the law for substitution of "personal injuries" or "temporary disability" in lieu of "permanent injuries" found by the jury.

In examining the question the trial court took into consideration *McCartie v. Muth* (1939), 230 Wis. 604, 284 N. W. 529, where it was held that when the amount of

unliquidated damages found by a jury exceeds the amount prayed for in the *ad damnum* clause, leave to amend such clause to conform to the proofs must be conditioned upon the granting of a new trial. The court concluded that such condition was not necessary here because the only amendment sought was in the nature of the damages; that since there had been a trial upon the issues of temporary disability, it was proper for the court to substitute "temporary" for "permanent."

This assumes that a jury will reach an infallible result unassisted. It is a violent presumption that the jury would ignore the substance of the question before it, which was permanent disability, and allow in answer thereto the proper amount for temporary disability. Even if this presumption could be indulged, there would still be apparent grave danger of duplication of damages. "Temporary disability" might well include "pain and suffering" between the date of injury and the time of trial.

The trial court was of the opinion that sec. 269.44, Stats., authorized the amendment of the verdict:

"The court may, at any stage of any action . . . before or after judgment, in furtherance of justice and upon such terms as may be just, amend any process, pleading, or proceeding, . . . provided, the amended pleading states a cause of action arising out of the . . . transaction or occurrence or is connected with the subject of the action upon which the original pleading is based."

There is no doubt that this statute gives broad powers to the trial court. Its primary purpose is to enable the court to allow such amendments as will prevent technical errors from avoiding a just result. The "furtherance of justice" requires that the substantive rights of both parties be considered. The statute does not authorize the furtherance of the interests of one litigant at the expense of the other. *Rhodes v. Shawano Transfer Co.* (1950), ante, p. 291, 41 N. W. (2d) 288.

Before the case was submitted to the jury plaintiffs moved the court for permission to amend their pleadings to ask for damages for personal injuries. No reason appears for denial of this motion.

The purpose of a verdict is to determine issues of fact between the litigants developed upon the trial. No one can say that in inserting damages for permanent disability, the jury intended such allowance for temporary disability exclusive of pain and suffering. The verdict is therefore improper and cannot constitute the basis for entry of judgment.

On the other hand, the fact that the cases were not properly submitted to the jury cannot redound to the benefit of the appellant to enable it to avoid payment of personal-injury damages justly due plaintiffs. Appellant has the right to be relieved from judgments improperly entered against it; it has no right to be relieved from the onerous portions of such judgments and to avail itself of the parts which are advantageous to it.

The rights of the parties require that the question of damages of the plaintiffs be submitted to a jury in proper form so that it may be correctly passed upon.

*By the Court.*—Judgments reversed and causes remanded with directions to grant a new trial on damages alone.