ZELOF, Appellant, v. CAPITAL CITY TRANSFER, INC.,
Respondent.

*December 1, 1965—January 4, 1966.*

386

For the appellant there were briefs by *Ted C. Boyle*, attorney, and *Richard R. Rynders* of counsel, both of Madison, and oral argument by *Mr. Boyle*.

For the respondent there was a brief and oral argument by *Richard E. Gordon* of Madison.

HALLOWS, J.   The trial court with some justification relied on *McCartie v. Muth* (1939), 230 Wis. 604, 284 N. W. 529, which stated "we consider that in a case where the damages are unliquidated, as here, the granting of the amendment should be denied except on condition of a new trial, at least on the question of damages." The *McCartie Case,* which involved an *ad damnum* clause of $4,000 and a verdict of $5,000, relied on *Pierce v. Northey* (1861), 14 Wis. 10 (*9). The *Pierce Case* clearly held that leave to amend the *ad damnum* clause to increase it to the amount of the verdict should have been upon the condition the moving party relinquishes the verdict, pays the other party's costs of trial and submits to a new trial. The court stated this was a rule before the code and the reason for it still exists, namely, the opposite party had no opportunity of reducing the damages which on the trial he had no occasion to do because of the moderate amount claimed against him. In that case the demand in the complaint was $248.50 and the verdict $365.

The reason given for the rule should be read in light of the amount of money involved and neither the *Pierce* nor the *McCartie Cases* should represent under modern practice a hard or fast or an inexorable rule. To that extent, language to the contrary is overruled. We think the trial court has the power after trial and before judgment to grant on terms as may be just an amendment of

the *ad damnum* clause so the verdict will conform to the pleading.

This problem has been a troublesome one, both in this state and elsewhere, and one is guided to an answer depending on the emphasis put upon the function of the *ad damnum* clause. At common law the plaintiff in an action for damages was limited by his demand in the complaint and could recover no more than the amount specified. Amendment of pleading after the submission of the case to a jury was a rarity. See *Beranek v. Beranek* (1902), 113 Wis. 272, 89 N. W. 146; 22 Am. Jur. (2d), Damages, p. 371, sec. 276. This gave rise to the view that a defendant had a right to rely on the *ad damnum* clause and presumably did rely in making his defense. The *Pierce Case* recognized the code but hardly its liberality and allowed the amendment at the expense of a new trial. The right to rely on the demand for relief in a complaint finds some basis in the first sentence of sec. 270.57, Stats., which provides in cases of default the relief granted cannot exceed that demanded.[1] However, the rest of sec. 270.57 states that where an answer is put in and a contest made the pleadings may be amended to grant greater relief. *Wauwatosa v. Union Free High School District* (1934), 214 Wis. 35, 252 N. W. 351.

An *ad damnum* clause is required by sec. 263.03 (3), Stats., which requires a statement of the relief to which

[1] *Good v. Schiltz* (1928), 195 Wis. 481, 218 N. W. 727, explained "The reason for the rule has been stated thus: 'The reason and fairness of this statutory rule, which is practically the old equity rule, is obvious. The defendant by his default submits, without contest on his part, to the court, only the claim of the plaintiff for the relief prayed in the complaint. But if a different or greater relief were demanded, he might appear and contest it as unjust; hence the statute wisely limits the power of the court in awarding judgment by default to that asked for in the complaint, to the end that defendant may safely omit to appear in cases where he is willing to submit to the court, without contest, the claim of the plaintiff to the specific relief invoked in his complaint.' *Northern Trust Co. v. Albert Lea College*, 68 Minn. 112, 71 N. W. 9. See *Whitehill v. Jacobs*, 75 Wis. 474, 44 N. W. 630."

the plaintiff supposes he is entitled and if money relief is demanded, the amount thereof. It has been stated the *ad damnum* clause serves to limit the amount of the defendant's maximum potential liability and the jury has no authority to award an amount in excess of the demand and any amendment after verdict would affect a substantial right of the defendant. *Phillips v. Rolston* (1965), 376 Mich. 264, 137 N. W. (2d) 158. Another view is that the primary function of the *ad damnum* clause is jurisdictional and to furnish the key to the courtroom where a court's jurisdiction is dependent upon jurisdictional amounts. The *ad damnum* clause may even be talismanic in getting into a federal court. The function of the *ad damnum* clause also varies in importance depending upon whether or not in a given jurisdiction the clause may be submitted to the jury either in the opening statements, in the arguments to the jury or in the instruction. From one point of view it is claimed the *ad damnum* clause has created serious problems in the law and has been abolished in several states. See The Ad Damnum Clause, The Problem and Solution, monograph (August, 1965), The Defense Research Institute, Inc.

In Wisconsin the *ad damnum* clause does not have as much significance as it has in some states. It is not allowed to be mentioned to the jury in the opening statements or in arguments to the jury. *Affett v. Milwaukee & Suburban Transport Corp.* (1960), 11 Wis. (2d) 604, 106 N. W. (2d) 274. Nor can the court instruct upon it. In *Otto v. Milwaukee Northern R. Co.* (1912), 148 Wis. 54, 61, 134 N. W. 157, the trial court instructed the jury if the plaintiff was entitled to recover, his damages should be fixed at such a sum as to fully compensate him but not exceeding $5,000, the amount of the *ad damnum* clause. In holding such an instruction was error, the court stated: "The law placed no such limit as a guide for the jury. The pleading placed no such limit. True, the prayer was for $5,000, but that did not govern the amount of the recovery. It might have been more if

the evidence warranted it notwithstanding the prayer. Why refer to the matter at all, especially in such a case where the danger is ever present of overestimating reasonable recoverable damages?"

Subsequent to *McCartie* this court decided *Pietsch v. Groholski* (1949), 255 Wis. 302, 38 N. W. (2d) 500, wherein the defendant had filed a counterclaim and demanded $25,000 damages for personal injuries. The jury found the plaintiff negligent and assessed damages at $26,170.50. Judgment was granted on the verdict. It does not appear that a motion was made to amend the *ad damnum* clause. In affirming on appeal the court stated it was not error for a jury to award damages in excess of the amount prayed for and if the verdict was not excessive and bore a true relationship to the injuries, it should stand. The *McCartie Case* was not referred to in the opinion.

However, in *Schwartz v. Schneuriger* (1955), 269 Wis. 535, 69 N. W. (2d) 756, this court considered both the *McCartie* and the *Pietsch Cases* in reference to a complaint which asked for $25,000 damages and to an award of $27,000. Judgment was entered on the verdict and on appeal the verdict was found not to be excessive on the evidence, and the judgment was affirmed. It does not appear a motion was made to amend the *ad damnum* clause in the complaint. The court did not follow the *McCartie Case* and arrived at its result on the basis of sec. 270.57, Stats. We do not contend either of these cases stands for the proposition a verdict in excess of an *ad damnum* clause can stand and support a judgment without an amendment to the pleadings but they indicate a verdict in excess of the *ad damnum* clause is not necessarily lost for that reason.

We hold under sec. 270.57, Stats.,[2] and sec. 269.44,[3] the court has the power after verdict and before judg-

[2] 270.57 "MEASURE OF RELIEF. The relief granted to the plaintiff, if there be no answer, cannot exceed that which he shall have demanded in his complaint; but in any other case the court may

ment in furtherance of justice and upon such terms as may be just to allow an amendment to increase the amount of the *ad damnum* clause to the amount of the verdict so the pleadings and verdict will support a judgment of the amount awarded.

What are just terms necessarily depends upon the facts of the case. When a defendant is in fact misled by the amount of the *ad damnum* clause, the court may well impose different terms than when the defendant cannot prove he has been misled. No mathematical rule of disparity between the amount of the verdict and the *ad damnum* clause can be formulated. Where an amendment to the *ad damnum* clause if claimed originally would have permitted the removal to the federal court, the motion has been held to come too late because it deprived the defendant of his choice of forum. *Cordrey v. Steamship "Bee"* (1921), 102 Or. 636, 201 Pac. 202. In addition when a verdict is supported by the evidence and is in excess of the *ad damnum* clause, there exists a variance between the pleading and the proof. Such a variance under sec. 263.28, Stats.,[4] is not deemed material unless it misleads the adverse party to its prejudice, and it must be proved to the satisfaction of the court that a party has been so misled and in what respect he has been misled. But even when a party is misled the court is not foreclosed from allowing an amendment but may order the

grant him any relief consistent with the case made by the complaint and embraced within the issue."

[3] 269.44 "AMENDMENTS OF PROCESSES, PLEADINGS AND PROCEEDINGS. The court may, at any stage of any action or special proceeding before or after judgment, in furtherance of justice and upon such terms as may be just, amend any process, pleading or proceeding, . . ."

[4] 263.28 "VARIANCES, MATERIALITY. (1) No variance between the allegation in a pleading and the proof shall be deemed material unless it misleads the adverse party to his prejudice. Whenever it shall be proved to the satisfaction of the court that a party has been so misled, and in what respect he has been misled, the court may order the pleading amended upon such terms as may be just."

pleading amended upon such terms as may be just. We see no reason why the statutes quoted should not apply full force to the *ad damnum* clause in a complaint as they do to other aspects of pleadings.

In some states there is a presumption a defendant regulated his conduct at the trial with reference to the claim for the amount of damages stated and might have modified his course of defense had a larger claim been asserted. *Excelsior Electric Co. v. Sweet* (1895), 59 N. J. L. 441, 31 Atl. 721. But under our pleading statutes we think the correct rule is stated in *Clute v. Clintonville Mut. Fire Ins. Co.* (1911), 144 Wis. 638, 644, 129 N. W. 661, when it said: "In the absence of any showing that the defendants were misled or placed at any disadvantage by reason of the averments of the complaint in reference to the amount of damage sustained, it was within the sound discretion of the trial court to permit the amendment."

The liberality of allowing amendments of the pleadings, of course, diminishes as a trial proceeds, but the point of no return must be decided in reference to the facts of each case. The trial court originally allowed the amendment to the *ad damnum* clause and ordered judgment on the verdict stating in his opinion the defendant was not surprised by the verdict. This had some basis at least in what transpired at a pretrial conference. Unfortunately no record was made of this conference. To fulfil its proper function, a record should be made of a pretrial conference if there is any agreement made. Sec. 269.65, Stats. *Schneck v. Mutual Service Casualty Co.* (1963), 18 Wis. (2d) 566, 572, 573, 119 N. W. (2d) 342. However, if this conference was in the nature of a conciliation hearing, which is sometimes miscalled a pretrial conference, it is understandable that no record was made. In any event, we cannot take notice of what took place by what might be said in oral argument or

in the briefs because it is not in the record. However, we may recognize the finding of the trial court that the defendant was not surprised although we cannot review the basis for it. It is also apparent from the record the defendant had not proved to the satisfaction of the court that it was misled by the *ad damnum* clause. On this basis we think the trial court was correct in its first determination in allowing the amendment to the *ad damnum* clause without the condition of granting a new trial. Consequently, the order granting a new trial should be reversed and the order granting the motion to amend the *ad damnum* clause and for judgment on the verdict reinstated.

However, the defendant argues on this appeal the damages are excessive and, therefore, he is entitled to a new trial on that ground. While no cross appeal or notice of review was filed, the defendant is entitled to raise this question under sec. 274.12 (2), Stats., because it sustains the order appealed from. The verdict is no more excessive because it is three times the amount of the *ad damnum* clause than it would be inadequate if it were one third of the amount of the demand. The *ad damnum* clause is not the test of the sufficiency of the amount of the verdict. The *ad damnum* clause is the plaintiff's asking price, not a measuring stick. Whether or not the verdict is supported by the evidence we cannot decide because the transcript of the reporter's notes is not in the record. Consequently, it is impossible for this court to review the sufficiency of the evidence and necessarily the scope of our review is confined to the record. *Stelloh v. Liban* (1963), 21 Wis. (2d) 119, 124 N. W. (2d) 101; *Nichols v. United States Fidelity & Guaranty Co.* (1961), 13 Wis. (2d) 491, 109 N. W. (2d) 131. On the record we cannot find the verdict excessive. It had the support of the trial judge against attack and the court granted the motion to amend the pleadings.

*By the Court.*—The order is reversed with directions to reinstate the order amending the *ad damnum* clause and granting judgment on the verdict.

CURRIE, C. J., and GORDON, J. (*dissenting*). The verdict exceeded the demand of the complaint by almost 300 percent. We would hold that as a matter of law this verdict was one upon which the court could not grant a judgment without offering to the defendant an option for a new trial.

It is a realistic fact that small cases are defended less vigorously than large cases. We believe that the trial court should have the discretion to grant an amendment to a complaint even after verdict when the verdict exceeds the *ad damnum* clause by a fraction—even a significant fraction. However, when the verdict is three times the amount of the demand, the impropriety of a post-verdict amendment should be apparent as a matter of law.

An *ad damnum* clause is a necessary part of a complaint under sec. 263.03 (3), Stats. Such a clause has heretofore served the useful purpose of focusing the attention of the defendant and his counsel upon the approximate area of exposure. We fear that the majority's view will mean that hereafter defendants will have to resist the trial of every case with all-out effort, lest a vastly larger verdict be awarded in a case in which only a small or modest demand had been made.