Luz, Eduardo, Delia y Luz María Álvarez, demandantes y apelantes, *v.* María Teresa, Ceferina conocida por Josefina, Carmen Luz Álvarez Álvarez y Narciso Álvarez Nieves, demandados y apelados.

Número 11119.

*Sometido:* 6 de julio de 1954. *Resuelto:* 28 de enero de 1955.

*Pablo Andino* y *Ángel Roberto Díaz,* abogados de los apelantes; *Félix Ochoteco, Jr.* y *José R. Fournier,* abogados de los apelados.

EL JUEZ ASOCIADO SEÑOR SIFRE emitió la opinión del Tribunal.

El litigio a que se refiere esta apelación fué iniciado ante el extinto Tribunal de Distrito de Puerto Rico, Sección de San Juan—trasladado más tarde al Tribunal Superior, Sala de Bayamón—mediante demanda en la que se alegaron tres causas de acción; la primera de ellas, para que se declarase que los demandados son hijos naturales de Félix Álvarez Santana; la segunda, para que se resolviera que la finca que se describe en dicha demanda pertenece en cuanto a una mitad a los demandantes como únicos herederos de su madre Victoria Álvarez, por haberla adquirido los padres de los demandantes por partes iguales, mientras vivían en estado de concubinato y con el trabajo y dinero de ambos; y la tercera, para que se procediera a ordenar la división de la comunidad,

en cuanto concierne al referido inmueble, por medio de su venta en pública subasta y distribución proporcional de su producto. Contestaron los demandados oponiéndose à las pretensiones de los demandantes. Se celebró una conferencia con anterioridad al juicio y más tarde se vió el pleito en sus méritos, terminando en el tribunal a quo por sentencia parcialmente favorable a los demandantes, en cuanto a la primera causa de acción, y adversa en cuanto a las otras. Apelaron de ella, y señalan tres errores en apoyo del recurso.

Sostienen en el primer señalamiento que se equivocó dicho tribunal al resolver que los apelantes eran hijos naturales de Félix Álvarez Santana, "pero sólo con derecho a llevar su apellido...".

En la primera causa de acción—de filiación—a la que se refiere el pronunciamiento objetado, los apelantes alegaron que eran hijos del citado Félix Álvarez, "habidos en vida marital de concubinato con Victoria Álvarez", nacidos, uno de ellos en el año 1922, otro en 1924, y los restantes en el año 1927, y solicitaron que se dictara sentencia reconociéndoles el carácter o condición de hijos naturales.

En conferencia efectuada con anterioridad al juicio, aceptaron los apelados que los apelantes eran en efecto hijos del susodicho Félix Álvarez, haciendo constar, sin embargo, que "se deja para que el tribunal determine por la prueba la clasificación de los mismos, ya como hijos naturales, o ya como legítimos o ya como adulterinos..." ([1])

La sentencia se basa en un número de conclusiones en las que el tribunal dió por establecido que los apelantes eran hijos de Álvarez Santana, "habidos por él con Victoria Álvarez en estado de concubinato y mientras se encontraba casado con Obdulia Álvarez", y que "por razón de la legislación vigente a la fecha de sus respectivos nacimientos, y por haber

---

([1]) Los apelados fueron demandados como componentes de la Sucesión de Félix Álvarez Santana.

sido concebidos y nacidos cuando su padre ... estaba casado con otra mujer ..., sólo son hijos naturales ..., pero sólo con derecho a llevar su apellido, pero no a heredarle; Ley núm. 229 de 12 de mayo de 1942 ((1) pág. 1297), según enmendada por la Ley núm. 243 de 12 de mayo de 1945 (pág. 815); *Vargas* v. *Jusino*, 71 D.P.R. 389.

La sec. 2 de la legislación mencionada en las citadas conclusiones, preceptúa en parte, lo siguiente: "Los hijos nacidos fuera de matrimonio con anterioridad a la fecha de la vigencia de esta Ley y que no tenían la condición de hijos naturales según la legislación anterior, *podrán ser reconocidos por acción voluntaria de sus padres, y en defecto de éstos, por las de las personas con derecho a su herencia, a todos los efectos legales* ... En caso de que los hijos a que se refiere esta acción no fueren reconocidos por la acción voluntaria de sus padres, y en defecto de éstos por la de las personas con derecho a su herencia, dichos hijos se considerarán hijos naturales al solo efecto de llevar el apellido de sus padres ... *Entendiéndose, sin embargo, que tal reconocimiento sólo tendrá el alcance que aquí se expresa*". (Bastardillas nuestras.)

Consideran los apelantes, como hemos visto, que incidió en error el tribunal al dictar sentencia reconociéndoles el derecho a usar el apellido del padre, pero no el derecho a heredarle, contención que tiene por fundamento la admisión que hicieron los apelados, tanto en la conferencia, como en el juicio, de que los apelantes eran hijos de Álvarez Santana, lo que en su opinión equivale al reconocimiento voluntario del estado o condición de hijo natural," a todos los efectos legales", a que se refiere el art. 2 de la Ley 229 de 1942, según fuera enmendada por la núm. 243 del año 1945.

No podemos estar de acuerdo con ese criterio, que consideramos obviamente equivocado. Al admitir los apelados que sus adversarios eran hijos de Félix Álvarez, sencillamente relevaron a éstos de tener que probar ese hecho en el

acto del juicio. El que quedara establecido por una admisión, no puede dar lugar a una consecuencia distinta a la que hubiera tenido ese mismo hecho de haberlo tenido que probar los apelantes, mediante evidencia presentada a tal efecto, y esa consecuencia no podía ser otra que la de reconocerles el derecho a llevar el apellido, de acuerdo con los preceptos de la mencionada legislación, ya que nacieron con antelación a la vigencia de la misma, sin tener entonces "la condición de hijos naturales, según la legislación anterior".(²) Dicha admisión tuvo, como hemos indicado, el limitado objeto de obviar la presentación de prueba sobre un hecho esencial para sostener la primera causa de acción, dirigida a lograr lo único que podían conseguir los apelantes en consonancia con la ley.

█ Es innecesario discutir si el acta de la conferencia es o no un documento público, o los medios por los cuales puede demostrarse la existencia del reconocimiento voluntario de que habla la Ley 229, según quedó enmendada, puesto que en el caso de autos, está totalmente ausente la acción voluntaria de reconocer a los apelantes como hijos de Álvarez Santana, para todos los efectos legales.

██ Nos dicen los apelantes que la conferencia se celebró a instancias de los apelados, y que éstos, herederos forzosos de Álvarez Santana, "por acción perfectamente voluntaria, libre y espontáneamente reconocieron que los demandantes-apelantes son hijos del mismo padre . . . es decir: admitieron voluntariamente la paternidad . . ., verificando un reconocimiento voluntario", añadiendo que "No hubo contención en cuanto a la acción filiatoria. Por el contrario, por acción voluntaria quedaron los demandantes-apelantes reconocidos, cumpliéndose taxativamente con la Ley 229 de 12 mayo de 1942 . . ., según fué enmendada por la núm. 243 de 12 de mayo de 1945 . . .".

Los apelados tenían perfecto derecho a solicitar la con-

(²) Art. 125 del Código Civil, ed. 1930.

ferencia. Más aún, era deber del letrado de los apelados el pedirla, si entendía que así podían simplificarse las cuestiones litigiosas, y evitar la presentación de evidencia sobre uno o más extremos del pleito, y ese hecho no puede dar lugar a la inferencia de que la gestión de dicho letrado fué hecha con propósitos ajenos a los fines de la Regla 16 de las de Enjuiciamiento Civil, o para que tuviera consecuencias distintas a las que provienen normalmente y pueden anticiparse de ese procedimiento. Celebrada la conferencia, los abogados estaban en el deber de cooperar para que la citada Regla sirviera sus propósitos, y sin duda alguna que hubiera demostrado obstinación censurable el letrado de los apelados, si constándole el hecho de que los apelantes eran hijos de Álvarez Santana, hubiera rehusado admitirlo, obligándoles a ofrecer prueba en el juicio para establecerlo. La conferencia con anterioridad a la vista del litigio, no puede tener éxito sin la franca y decidida cooperación de la judicatura y de los miembros del foro, y las decisiones enfatizan la importancia de esa cooperación. El Tribunal Supremo de Wisconsin, al referirse a ello, en *Klitzke* v. *Herm*, 242 Wis. 456, 8 N.W.2d 400, expresó su criterio, diciendo: "Se conviene generalmente en que para lograr el propósito del procedimiento con antelación al juicio, y conseguir que sirva el fin útil que tiene en el proceso de decidir, debe existir espíritu de cooperación entre el Tribunal y los abogados que representan a los litigantes ... Aunque el Juez ... lleva pesada responsabilidad, no debe perderse de vista que los abogados ... son casi igualmente responsables de los resultados de la conferencia ... Si ellos por su beligerancia, testarudez o contumacia obstruyen la causa del proceso judicial, al fin deben esperar el tener que sufrir las consecuencias de su mala conducta". Esa cooperación difícilmente podría obtenerse, si el procedimiento de la conferencia con anterioridad al juicio se desnaturaliza, convirtiéndolo en un trámite lleno de sorpresas y peligros.

Cuando se hizo la admisión, cumplió el letrado de los apelados con el deber que tenía de facilitar el trámite ju-

dicial, y benefició a los apelantes al relevarles de la necesidad de probar el hecho admitido. No hay razonamiento alguno que nos permita llegar a la conclusión de que esa admisión tiene el alcance que le atribuyen los apelantes. Resolver lo contrario equivaldría a alentar la falta de franqueza en las conferencias con anterioridad al juicio, y a sancionar tácticas dilatorias y actitudes reñidas con su propósito, y ese medio, de reconocido valor para simplicar las contiendas judiciales, recibiría rudo golpe, de consecuencias extremadamente perjudiciales para su eficacia.

Si hubiera necesidad de mayor demostración de que a la admisión no puede dársele la interpretación que le dan los apelantes, y no hay necesidad alguna de ello, esa demostración la encontraríamos en las manifestaciones que limitaron el alcance de la misma.

■ Invocan los apelantes las disposiciones de la Sección 1 del Artículo II de la Constitución del Estado Libre Asociado. Son inaplicables al caso de autos porque aquéllos nacieron antes de que la Constitución entrara en vigor.(³)

■■ Se nos dice en el segundo señalamiento que erró el tribunal sentenciador al declarar sin lugar la segunda causa de acción. En ella se alegó que Félix Álvarez Santana y Victoria Álvarez, "viviendo concubinariamente, y con el producto del trabajo y dinero común a ambos por su trabajo,

---

( )La Sección 1 del Artículo II de la Constitución del Estado Libre Asociado de Puerto Rico, lee así:

"Sección 1.—La dignidad del ser humano es inviolable. Todos los hombres son iguales ante la ley. No podrá establecerse discrimen alguno por motivo de raza, color, sexo, nacimiento, origen o condición social, ni ideas políticas o religiosas. Tanto las leyes como el sistema de instrucción pública encarnarán estos principios de esencial igualdad humana".

Según se expresa en el Informe de la Comisión de Carta de Derecho a la Convención Constituyente, presentado el 14 de diciembre de 1951, las disposiciones de la Sección 1 del Artículo II de la Constitución "A los fines de herencia y propiedades las modificaciones resultantes de esta sección no deberán ser retroactivas a nacimientos ocurridos antes de su vigencia."

La Ley núm. 17, aprobada en 20 de agosto de 1952, "Para Establecer la Igualdad de Derechos de los Hijos", fué aprobada con efecto retroactivo al 25 de julio de ese año.

fuerte labor, economías y estrecheces, compraron para ambos la finca descrita en dicha causa de acción", y reclamaron que se les adjudicara la mitad de la finca con el carácter de herederos de la citada Victoria Álvarez.

Dicho tribunal llegó a las siguientes conclusiones, y fundándose en ellas, declaró sin lugar la causa de acción:—"3.—Que el inmueble descrito en la demanda en su primera causa de acción, fué adquirido por compra exclusivamente por Félix Álvarez Santana mientras estaba casado con Obdulia Álvarez". "4.—Que la adquisición por compra del citado inmueble la efectuó Félix Álvarez Santana con dinero de su pertenencia y sin que la causante de los demandantes aportara cantidad alguna de dinero, producto de su trabajo y economías, para la adquisición del mencionado inmueble, no habiendo ella tenido jamás intereses o participación alguna en el mismo".

Las anteriores conclusiones están ampliamente sostenidas por la prueba, y no hay razón para alterar la sentencia por el motivo aducido.

Tampoco tienen razón los apelantes al sostener en el tercer señalamiento, que se equivocó el tribunal al declarar sin lugar la tercera causa de acción, en la que solicitaron que se ordenara la división de la supuesta comunidad de bienes entre Álvarez Santana y Victoria Álvarez, mediante la venta de la finca y distribución proporcional del producto de la misma. El resultado a que llegó el tribunal en cuanto a esa causa de acción se imponía en vista de haberse declarado sin lugar la segunda.

*La sentencia apelada deberá ser confirmada.*

El Juez Asociado Sr. Belaval concurre en los resultados.