KLITZKE, Administrator, Appellant, vs. HERM and wife, Respondents.

*February 9—March 9, 1943.*

The cause was submitted for the appellant on the brief of *Winter & Koehler* of Shawano, and for the respondents on the brief of *Fischer, Brunner & Strossenreuther* of Shawano.

PER CURIAM. On December 16, 1940, Otto Knoener, deceased, by warranty deed conveyed to the defendants certain described real estate. Immediately following the description of the real estate is the clause, "Including all livestock and machinery." At the time of making the aforesaid conveyance,

grantor had upon his farm a considerable amount of personal property aside from his livestock and machinery. This action involves the ownership of the personal property alleged to have been converted by defendants. As indicated in the foregoing statement, in the pretrial conference the court entered an order specifying the particular items, title to which might be litigated, even though the pleadings put in issue many additional items, ownership of which was in dispute and concerning which the parties were unable to agree. The court on the basis of the matters disclosed at the conference, without agreement of counsel, ordered that certain items should not be considered at the trial.

Respondents have not raised the question whether the order entered by the court is an appealable order under the provisions of sec. 274.33, Stats. This court will on its own motion determine whether it has jurisdiction. If the order from which the appeal is taken is not an appealable order, then we are without jurisdiction. Sec. 274.33 specifies the orders from which appeals may be taken to the supreme court:

"*Appealable orders.* The following orders when made by the court may be appealed to the supreme court:

"(1) An order affecting a substantial right, made in any action, when such order in effect determines the action and prevents a judgment from which an appeal might be taken.

"(2) A final order affecting a substantial right made in special proceedings or upon a summary application in an action after judgment.

"(3) When an order grants, refuses, continues or modifies a provisional remedy or grants, refuses, modifies or dissolves an injunction, or sets aside or dismisses a writ of attachment, grants a new trial or sustains or overrules a demurrer or denies an application for summary judgment, but no order of the circuit court shall be considered appealable which simply reverses or affirms an order of the civil court of Milwaukee county, unless the order of the civil court grants, refuses, continues, modifies or dissolves a provisional remedy or injunction.

"(4) Orders made by the court vacating or refusing to set aside orders made at chambers, where an appeal might have been taken in case the order so made at chambers had been made by the court in the first instance. . . ."

The order in question does not come within any of the foregoing provisions. This court therefore is without jurisdiction and the appeal must be dismissed.

Even though the appeal herein must be dismissed, it brings before us for the first time an order entered by a trial court in the course of pretrial proceedings. Pretrial procedure is a comparatively new development in the judicial process. It has been employed for some ten or fifteen years in the Wayne county, Michigan circuit courts, and in more recent years has been adopted in a number of jurisdictions.

Pretrial procedure was introduced into the law of this state by supreme court order effective January 1, 1940, being sec. 269.65, Stats., which is as follows:

"*Pretrial procedure.* (1) In any action, the court may in its discretion direct the attorneys for the parties to appear before it for a conference to consider:

"(a) The simplification of the issues;

"(b) The necessity or desirability of amendments to the pleadings;

"(c) The possibility of obtaining admissions of fact and of documents which will avoid unnecessary proof;

"(d) The limitation of the number of expert witnesses;

"(e) The advisability of a preliminary reference of issues for findings to be used as evidence when the trial is to be by jury;

"(f) Such other matters as may aid in the disposition of the action.

"(2) The court shall make an order which recites the action taken at the conference, the amendments allowed to the pleadings, and the agreements made by the parties as to any of the matters considered, and which limits the issues for trial to those not disposed of by admissions or agreements of counsel; and such order when entered controls the subsequent course of the action, unless modified at the trial to prevent manifest

injustice.  The court in its discretion may establish by rule a pretrial calendar on which actions may be placed for consideration as above provided and may either confine the calendar to jury actions or to nonjury actions or extend it to all actions."

This section is identical with Rule 16 of the Rules of Civil Procedure for the District Courts of the United States, adopted by the supreme court of the United States, effective September 17, 1937.  There are only two adjudicated cases [1] upon the subject.  Such literature as there is is scanty and not readily accessible.

It is evident that there is some misconception as to the meaning and purpose of sec. 269.65, Stats.  For that reason we shall attempt to clarify the section and indicate the methods for its use.  It is not proposed to lay down any hard and fast rule of law but to make available to the bench and bar of the state some of the developments of the procedure in those jurisdictions where it has been longest in use.

There is general agreement that in order to accomplish the purpose of pretrial procedure and make it serve a useful purpose in the process of adjudication, there must be a spirit of co-operation between the court and the lawyers representing litigants.  In order to bring this about there must be a mutual understanding of what may properly be accomplished by a pretrial conference.  In some quarters there seems to be a notion that it is a procedure adopted to enable the pretrial judge to force a settlement of the case.  It would be most unfortunate if that idea was to prevail generally.  Litigants as well as counsel often resent what they regard as an unjustified interference by the court with their legal rights.  For that reason the judge before whom the pretrial conference is held must proceed with tact and understanding, and above all, with patience.

---

[1] *Konstantine v. City of Dearborn* (1937), 280 Mich. 310, 273 N. W. 580; *Fanciullo v. B. G. & S. Theater Corp.* (1937) 297 Mass. 44, 8 N. E. (2d) 174.

In order to make accessible to the bench and bar the experience of a federal judge, we set out the following condensation of an article entitled "Pretrial Procedure Under the New Federal Rules," [1] by Justice BOLITHA J. LAWS, United States district court for the District of Columbia. Without attempting to quote him exactly, Justice LAWS in substance says:

Pretrial procedure has not the slightest chance of succeeding unless it is properly administered by the judge. Not only by the pretrial judge, but the trial judge and counsel in the jurisdiction. If the judge approaches the hearing of a pretrial case in a formal and indefinite manner, discusses the issues in a cursory way, and suggests the possibility of settlement, the proceeding will prove a futile waste of time. Pretrial proceedings are held within not more than three weeks prior to trial. It is not unfair to counsel on either side to require them to honestly and fully state the issues upon which they will rely and eliminate those which as of the time immediately preceding the trial they know they will not use. Therefore, the first thing which a judge should do at pretrial is to require counsel for both sides to make a full and complete opening statement, precisely as he would at the final trial, as to what he expects to prove. When these statements are made, the pretrial judge will ask a number of questions and will comment upon some of the points. After these discussions, which may last from fifteen minutes to a half hour or longer, the judge will dictate the controlling issues to a stenographer in open court. This statement will be approved by counsel and for that reason counsel should exercise care to see that the issues are correctly stated by the court. It is of the greatest importance that the judge at pretrial should not be too persistent about a settlement. He may suggest figures, he may give his views but it is not the part of wisdom to undertake to force counsel to make settlement against his will. The presiding judge should make it clear to counsel that he realizes that they are entitled to their day in court and are not to feel the slightest hesitancy in disagreeing with the views expressed by the judge. Such a course will prevent resentment and a feeling that the

[1] 12 Missouri Bar Journal (April, 1941), p. 95.

judge has unduly and improperly influenced the making of a settlement.

It is common practice to stipulate with respect to many items of evidence. These stipulations generally relate to such matters as ownership of premises, condition of weather, hospital records, medical expenses, photographs, and plates, whether the party is a corporation or partnership, whether the party was agent or servant of another, and many other points as to which there is no real controversy. In actions for personal injury a notation at a pretrial conference should be made as to whether the plaintiff claims permanent injuries, and if he does, what is the nature of the permanent injury claimed.

The pretrial judge should be liberal in regard to litigating facts concerning which there is reason for dispute and should sanction a presentation of facts through witnesses where it seems necessary to give a proper picture of the case. Where, however, a point is perfectly clear and there is no sound reason for litigating it and no need to have witnesses appear, the court is justified in expecting a stipulation at pretrial.

The pretrial procedure in the district court for the District of Columbia is as follows:

"When a case is within about ten days of being reached on the pretrial calendar, the assignment commissioner of the court will send a printed post card advising counsel for the respective parties the day and hour when the pretrial hearing will be held. The hearings at pretrial are staggered, that is to say, so many are set for one hour and so many for a different hour during the day. This is done in order to avoid the necessity of counsel being kept waiting to be heard.

"The hearings are usually held in open court, and after discussion of the facts of the case, law points, points which may be stipulated and the possibility of compromise, the court dictates to a typist in the courtroom what is known as a pretrial report. This summarizes a statement of the contentions of both litigants; it also contains the stipulations of the parties and any remarks or recommendations which the pretrial judge feels he should make for consideration of the trial judge. After completion of the report the pretrial order is initialed by each counsel, is signed by the pretrial judge and is placed in the file. Counsel for each side is furnished with a copy of

the pretrial report. The case then is certified to the ready-for-trial calendar.

"After the case is certified from the pretrial calendar to the ready-for-trial calendar, the court will not grant continuances except for extraordinary causes. The rule of court in our jurisdiction provides that the pretrial judge shall have control of both the pretrial calendar and the ready-for-trial calendar and that he must approve all continuances. This practice has resulted in the disposition of many cases which heretofore long have been dormant upon the calendar of the court."

It is to be noted that sec. 269.65 (2), Stats., requires that—

"The court shall make an order which recites the action taken at the conference, the amendments allowed to the pleadings, *and the agreements made by the parties as to any of the matters considered, and which limits the issues for trial to those not disposed of by admissions or agreements of counsel. . . .*"

A pretrial conference is not a part of the trial, that is, the court is not to take up and decide issues presented by the pleadings as to which counsel have not agreed. In the pretrial conference an effort is made to have the parties agree as to the disposition of some of the issues. Those issues not disposed of by agreement must be disposed of upon the trial and it is these issues which the pretrial judge is to embody in his order. It is quite possible that pretrial procedure is better adapted to metropolitan districts where there are a number of trial judges so that the pretrial judge will not be obliged to try the case. There is no doubt, however, it may be used with great advantage where the conference and the trial must be presided over by the same judge. It should not be forgotten that litigants are entitled to an impartial trial of their cases and are not to be penalized if they stand upon their rights.

After counsel have agreed as to the matters to be disposed of upon the trial and have made such stipulations as to introduction of evidence, etc., as are agreed upon, the result of the

pretrial proceeding is to be embodied in an order. Copy of such an order is printed in the margin.[1]

---

[1] PRETRIAL PROCEEDINGS.

STATEMENT OF NATURE OF CASE:

Suit for personal injuries claimed to have been sustained by plaintiff due to flowing lightning or static electricity through the telephone receiver at the U.S. Naval Observatory. Plaintiff claims that due to negligent installation and maintenance of the telephone system, and also due to the failure to properly insulate, the injuries resulted to plaintiff. Defendant maintains that it was guilty of no negligence, that in the installation, insulation and maintenance of the telephone system, it exercised reasonable care and caution.

Permanent injuries claimed to hearing of right ear and sight of right eye.

Acts of negligence will be relied upon by plaintiff, the case not to be submitted on the doctrine of *res ipsa loquitur*. Plaintiff also will not submit the case on theory of duty to exercise highest degree of care, as set forth in first count of declaration.

STIPULATIONS: By agreement of counsel for the respective parties, present in court, it is ordered that the subsequent course of this action shall be governed by the following stipulations unless modified by the court to prevent manifest injustice:

Plaintiff will supply to defendant's counsel within ten days, itemized statement of expenditures to date, and will permit a physical examination by an ear specialist and an eye specialist within ten days, provided satisfactory specialists are selected in each instance, and further provided defendant will supply plaintiff with a copy of the report of each of the specialists within two days after rendered.

Expert testimony at the trial is ordered to be limited as follows: Two expert physicians on each side as to alleged injuries to ear; two on each side as to alleged injuries to eye; two on each side as to electrical features of the case, it being understood that the limitation as to the electrical features will not apply to witness named Wilhelm, for defendant, and witness named Conway for plaintiff (each of the two named witnesses will be called to testify as to facts of case and may be permitted to testify as experts if desired, in addition to the two experts each which may be called by either side).

Parties have entered into a written stipulation as to exhibits, which is attached hereto and made a part of this pretrial hearing.

(NOTE: Five-page stipulation attached to original pretrial order contains stipulations as to photographs, documents, specifications and plans, telephonic equipment to be offered as exhibits and specimens of switchboard equipment, and permits introduction of photostatic copies and transcripts in lieu of original documents and record.)

BOLITHA J. LAWS,
Pretrial Justice.

Handbook, National Conference of Judicial Councils (1942), p. 95.

The order of course must be varied in substance and form so as to adapt it to the particular case under consideration.

While a pretrial judge carries a heavy responsibility, it must not be overlooked that attorneys representing litigants are almost equally responsible for the results of a pretrial conference. If attorneys by their belligerency, stubbornness, or contumaciousness obstruct the course of the judicial process, they must in the end expect to bear the consequences of their misconduct. A pretrial conference presupposes that the attorney is a competent lawyer, has prepared his case both upon the facts and the law, and is ready to give the matters involved adequate and proper consideration. If because of lack of preparation and understanding of issues an attorney is hesitant, doubtful as to his rights, uninformed as to the law, a pretrial conference is not likely to bring a desirable result. Therefore, it should not be treated with indifference and as if it were unimportant. Court procedure is undergoing a slow but marked change. Attorneys who by their industry and learning secure for their clients an expeditious and desirable end to litigation are much more likely to be successful than those who expect to win through courtroom oratory. If properly employed pretrial procedure may be a great step in advance in the disposition of litigation, and to that end the bench and the bar should heartily co-operate.[1]

Appeal dismissed.

---

[1] Bibliography: Pretrial Procedure, 6th to 11th Annual Reports of the Judicial Council of Michigan, p. 63; Pretrial Hearings and Assignment of Cases, 33 Illinois Law Review, 699; The Theory and Practice of Pretrial Procedure by Edson R. Sunderland, 36 Michigan Law Review, 215; Pretrial Procedure, Some Practical Considerations, 26 Am. Bar Asso. Journal, 592; The Pretrial Conference Under the Federal Rules of Civil Procedure (1940), 18 Texas Law Review, 190.