HALLDIN, by Guardian *ad litem,* and another, Appellants, v. PETERSON and another, Respondents.

*No. 328. Argued June 6, 1968.—Decided June 28, 1968.*
(Also reported in 159 N. W. 2d 738.)

For the appellants there was a brief by *Wickhem, Consigny & Sedor,* attorneys, and *John H. Andrews* of counsel, all of Janesville, and oral argument by *John C. Wickhem.*

For the respondents there was a brief by *Heide, Sheldon, Hartley & Thom* and *W. A. Sheldon,* all of Kenosha, for Clifton E. Peterson, and by *Wickham, Borgelt, Skogstad & Powell* and *Edmund W. Powell,* all of Milwaukee, for C. A. Sattler, and oral argument by *Edmund W. Powell.*

WILKE, J.    The first issue presented on this appeal is whether the disputed order is appealable. Defendants' motion to dismiss the appeal on this basis was denied by this court on May 3, 1968, without prejudice to renew the argument at this time.

Defendants now do so, arguing that Judge Bode's order is not appealable under sec. 274.33, Stats. Sec. 274.33 (1) and (2), concerning orders affecting a substantial right, are inapplicable. Plaintiffs so admit. But sec. 274.33 (3) makes appealable an order which "grants, refuses, continues or modifies a provisional remedy."

Under this section orders made pursuant to sec. 269.57 (1), Stats., granting or denying the pretrial inspection of property or documents, are appealable as orders granting or denying provisional remedies.[1] Therefore, the order of August 28, 1967, providing for the inspection of the X rays, viewed in this context, is an appealable order. The order of December 28, 1967, modifies the earlier order by conditioning the use of the X rays. Therefore, the December order is appealable.

We now reach the merits of this controversy—the second issue on this appeal—whether the trial court erred in entering its December order requiring the mutual exchange of names and addresses of all doctors and X-ray technicians who, at the request of either party "have examined or inspected" the X rays or copies thereof.

The discovery authority of the trial court under secs. 887.12 and 269.57, Stats., as interpreted by this court very recently in the case of *State ex rel. Dudek v. Circuit Court*,[2] does not extend to the entering of such a discovery order as is contested here. In *Dudek* this court concluded that a lawyer's work product:

". . . consists of the information he has assembled and the mental impressions, the legal theories and strategies that he has pursued or adopted as derived from interviews, statements, memoranda, correspondence, briefs, legal and factual research, mental impressions, personal beliefs, and other tangible or intangible means.

[1] *Bavarian Soccer Club, Inc. v. Pierson* (1967), 36 Wis. 2d 8, 14, 153 N. W. 2d 1.

[2] (1967), 34 Wis. 2d 559, 150 N. W. 2d 387.

"This broad definition of lawyer's work product requires that most materials, information, mental impressions and strategies collected and adopted by a lawyer after retainer in preparation of litigation and relevant to the possible issues be initially classified as work product of the lawyer and not subject to inspection or discovery unless good cause for discovery is shown." [3]

Requiring discovery of the names of doctors and X-ray technicians who have examined the X rays at the request of the plaintiffs' counsel would be a substantial obstacle to the proper and necessary trial preparation. At this stage of the pretrial preparation it could well make impossible the compilation of the work product defined in *Dudek*. In essence, the mere names and addresses of these doctors and technicians are a preliminary part of the work product being assembled by plaintiffs' counsel.

This is a medical-malpractice action. To hold a doctor liable for breach of his professional duty in a malpractice action, the plaintiff must establish the standard of care required of the doctor and a violation of that standard. The standard and breach could be established by use of medical textbooks which are now admissible as independent substantive evidence. [4] Obviously, however, the most efficacious method of proving a medical-malpractice case is to consult with doctors and hope to obtain one to be a witness on behalf of the plaintiff. It is a well-accepted fact that it is very difficult to secure members of the medical profession to testify against colleagues in malpractice actions. [5] It may not be as difficult to arrange an opportunity for a consultation and an evaluation with a doctor. However, if that doctor knows that his identity will be revealed even if he merely, as here,

[3] *Id.* at page 589.

[4] *Lewandowski v. Preferred Risk Mut. Ins. Co.* (1966), 33 Wis. 2d 69, 146 N. W. 2d 505.

[5] *See Morrill v. Komasinski* (1950), 256 Wis. 417, 41 N. W. 2d 620.

examines X rays, he may balk at conducting an examination. If there were no X rays involved in the instant case, and plaintiffs' counsel wished to consult a doctor regarding the case, that doctor's identity would not have to be disclosed. If the doctor is to be a witness, of course, his identity will be disclosed. However, as long as he remains a mere consultant, his identity should be guarded even if the X rays are involved. The only purpose to be served by requiring the exchange of names of consultants would be to let a party learn how diligent his opponent has been. This information is obviously not relevant to the controversy.

On its surface, the order appealed from appears to be bilateral, requiring nothing of the plaintiffs that is not also required of the defendants. However, probably nowhere in jurisprudence do two contending forces have such unequal access to the technical information material to the issues of a case as in a medical-malpractice action. The defendants themselves are experts. Their access to expert advice is virtually limitless. The plaintiffs here are a high school sophomore and his mother. They presumably have no medical expertise. To put further hurdles in front of the plaintiffs is patently unfair.

Furthermore, the record in this case is devoid of any reasons why the defendant should know the identities of the doctors or technicians whom plaintiffs consult in order to appraise their case and formulate their strategy. Revelation of these identities is not necessary to defendants' preparation so long as plaintiffs have no intention of using the consulting physicians or technicians as witnesses.

*Dudek* makes it clear at pages 598 *et seq.* that, once experts have been identified as witnesses, their testimony and reports are subject to a discovery, but there is nothing under secs. 887.12 and 269.57, Stats., or *Dudek,* that authorizes a trial court to order each party to disclose

676

the mere names and addresses of individuals who have been consulted but who have not been designated as yet as witnesses. We, therefore, conclude that the trial court erred in entering the December order.

*By the Court.*—Order reversed.