FREDRICKSON and wife, Appellants, v. LOUISVILLE LADDER COMPANY and another, Respondents.

*No. 234. Argued October 6, 1971.—Decided November 5, 1971.*
(Also reported in 191 N. W. 2d 193.)

778

For the appellants there was a brief by *Gaines & Saichek,* attorneys, and *David A. Saichek* of counsel, all of Milwaukee, and oral argument by *David A. Saichek.*

For the respondent Louisville Ladder Company there was a brief by *Kluwin, Dunphy, Hankin & Hayes* of Milwaukee, and oral argument by *Bernard J. Hankin.*

HANLEY, J. The sole issue on this appeal is whether it was error for the trial court not to exclude the testimony of Dr. Verne C. Cutler.

Respondents contend that they did not violate any pretrial order for the disclosure of names of expert witnesses, since there was no pretrial order in the first instance. Sec. 270.53 (2), Stats., defines an order as follows:

"Every direction of a court or judge made or entered in writing and not included in a judgment is denominated an order."

The written order entered by the trial court after the final pretrial conference does not direct that the names of expert witnesses be disclosed. This court has directed that a record should be made of any agreements reached at pretrial conference. *Zelof v. Capital City Transfer, Inc.* (1966), 29 Wis. 2d 384, 392, 139 N. W. 2d 1. In this case, however, both the parties and the trial court viewed the oral direction of the judge as an order. The record supports the contention that the respondents were told to reveal the name of their expert. Apparently the trial judge felt there was no need to enter an order for the disclosure of expert witnesses when the defense counsel explicitly denied having any expert. Perhaps appellants should have requested an order in writing, excluding any expert testimony on behalf of respondents since respondents' declaration of "no expert" was made at the last pretrial conference.

Respondents further assert that by virtue of the holding in *Halldin v. Peterson* (1968), 39 Wis. 2d 668, 159 N. W. 2d 738, he was entitled to withhold the name of Dr. Cutler at the pretrial conference, since, at that time, the expert was merely a consultant. *Halldin* involved a medical malpractice action in which the plaintiffs wished to examine X rays taken by the defendant doctors. The defendants refused to produce them unless

the plaintiffs agreed to reveal the name of any doctor or technician who examined the X rays. This court stated that it was not necessary for a party to disclose the identity of a mere consultant until he had been designated a witness. The differences between *Halldin* and the instant case are evident. In the former action, the demand for the production of the names of experts was made during discovery proceedings, when the plaintiffs were still examining possible courses to take in the trial of the lawsuit. Here, however, the demand was made at the final pretrial conference, just prior to trial. In *Halldin,* the names of medical witnesses were sought; it was noted in that case that it is sometimes difficult to obtain a professional medical opinion when the experts realize that they might be called upon to testify against their fellow practitioners. No such so-called "conspiracy of silence" is known to exist in the area of mechanical engineering, which is the field of expertise in the instant case. Thus, the basis for the *Halldin* ruling does not exist here.

Discovery proceedings frequently involve the attorney's work product. *See: State ex rel. Dudek v. Circuit Court* (1967), 34 Wis. 2d 559, 150 N. W. 2d 387. Restrictions are placed upon the discovery of an attorney's work product to enable him to fully prepare his client's case without intrusion from an opponent who should have the incentive to prepare his own case without having to delve into the confidential material amassed by the other party. In a pretrial conference, however, the emphasis is placed upon stipulation, revelation and compromise. Sec. 269.65, Stats. It has been stated that ". . . in order to accomplish the purpose of pretrial procedure . . . in the process of adjudication, there must be a spirit of co-operation between the court and the lawyers representing litigants. . . ." *Klitzke v. Herm* (1943), 242 Wis. 456, 460, 8 N. W. 2d 400.

In the instant case, it does not appear that defense counsel was completely frank or candid with the trial court or opposing counsel. On July 7th, he hired Dr. Cutler as a consultant to conduct tests on the scaffold plank, and he received a favorable preliminary report on July 19th. On that day there must have existed in defense counsel's mind at least a faint inkling that it might be wise to call that expert as a witness at trial. Rather than flatly stating, "we have no expert," he could have alerted the court and opposing counsel at the pretrial conference on July 22d that he was considering a witness and could have offered to reveal the expert's name as soon as he had finished reading the expert's final report. There would have been no need to divulge the name of a "mere consultant" if Dr. Cutler's report was unfavorable to defendants. To allow an attorney to postpone "designating" his "consultants" as expert witnesses until immediately before trial would be to countenance deception on the trial court and opposing counsel. This court rejected any such possibility in *State ex rel. Dudek v. Circuit Court, supra,* at page 577:

". . . [W]e shun any rule which would tend to encourage indolence or lying back in pretrial investigation or which would tempt an attorney to unfairly conceal the results of investigations [he] ha[s] made."

Appellant cites many cases from other jurisdictions holding that it is proper to exclude the testimony of a witness whose identity has not been revealed to the opposing party, as required by a court order or rule of court requiring disclosure of the names of witnesses. It is generally accepted that the trial court has discretion to exclude the testimony of a witness if a party is prejudiced by opposing counsel's failure to inform him of his intent to call that witness. *See:* Annot. (1953), 27 A. L. R. 2d 737. In Wisconsin, the matter is governed

by Rule 303 of the American Law Institute Model Code of Evidence, adopted by this court in *Whitty v. State* (1967), 34 Wis. 2d 278, 294, 149 N. W. 2d 557. That rule allows the trial court to:

" '(1) . . . exclude evidence if he finds that its probative value is outweighed by the risk that its admission will

" ' . . .

" '(c) unfairly surprise a party who has not had reasonable ground to anticipate that such evidence would be offered.' "

It is clear that in this case appellants had no reason to believe that defense counsel would call an expert witness. The question remains, however, of whether appellants were unfairly surprised and whether such surprise outweighed the probative value of the evidence offered by Dr. Cutler.

The trial court found that the failure to inform the appellants of the existence of an expert witness prior to trial worked a hardship on them in the following respects:

". . . [P]laintiffs were denied the opportunity to make certain tests, could not see the items that were relied upon by Mr. Cutler and could not check out his pedigree, could not analyze his results, they were unable to examine his articles that he had written, they were not able to depose others that were participants in the experiments conducted by Mr. Cutler, and all of which did result in plaintiffs' witness, at one stage, . . . looking bad with respect to a rivet count on the scaffold itself. This possibly could have been averted had there been more strict compliance with the spirit of the court's order."

The trial court obviously felt that the hardship referred to above was alleviated by granting the appellants the right of discovery on August 1st. The trial court stated in his memorandum decision:

". . . I think that the arrangements that were made corrected what was or what could have been a very serious situation. . . ."

The court also found that any prejudice was "fairly well erased" at the time the witness was called.

The testimony of Dr. Cutler, to which the appellants object, was simply a confirmation of the testing plank to which Mr. Lewis W. Berger had testified previously. Appellants could have obtained the same information with respect to the construction of the plank at least as far back as October of 1969. If Dr. Cutler had been an eyewitness to the accident, the situation would be entirely different.

Forbidding a party to call a witness is a drastic measure in a trial, where truth is sought. Perhaps the hardship to appellants would have been entirely alleviated if they had been given additional time to prepare for the testimony of Dr. Cutler. As stated in Annot. (1953), 27 A. L. R. 2d 737, 738, 739:

". . . [O]ne may assume that the trial court would have a discretion to continue the hearing or to defer the questioning of the witness until the objecting party could interview him and verify his story, instead of excluding the witness altogether. The object of the rule requiring the disclosure of the names of witnesses before trial is to enable the parties to discover the truth and to eliminate surprise, and the policy of discovering all of the truth would be furthered by permitting the witness to testify after the court has postponed his testimony until the element of surprise has been eliminated."

In this case appellants did not move for an adjournment or request additional time to check out Dr. Cutler's testimony. The appellants' motion was to have the witness excluded.

We think the probative value of Dr. Cutler's testimony outweighs any prejudice to the appellants. The appellants were afforded the right to take the deposition of Dr. Cutler during the course of the trial and did so.

They had an opportunity to investigate his qualifications. The plaintiffs have not been prejudiced.

There is substantial evidence that the scaffold plank was designed properly. There is also substantial evidence that during the six years from the date of manufacture and sale, the plank was damaged, abused and altered.

We conclude from the record in this case that the trial court did not abuse its discretion in permitting the defendant, Louisville Ladder Company, to call Dr. Verne C. Cutler as an expert witness.

*By the Court.*—Judgment and order affirmed.

HALLOWS, C. J. (*concurring*). I reluctantly concur with the result. I feel the pretrial procedure was misused in this case by defendants' counsel and agree with the trial court in its fining the attorney $200.

Pretrials in this modern day of congested calendars are a necessity. When this court first adopted the pretrial technique by rules of court in 1940, it was made optional. 232 Wis. vi, sec. 269.65, Stats. 1941. The benefits of pretrial have well been stated in *Klitzke v. Herm* (1943), 242 Wis. 456, 8 N. W. 2d 400. The importance of a thorough pretrial was again set out in *Schneck v. Mutual Service Casualty Ins. Co.* (1963), 18 Wis. 2d 566, 119 N. W. 2d 342.

We pointed out in *Schneck* the issues not considered at pretrial are waived and the order made at pretrial controlled the subsequent action of the case. In 1965 this court amended the rule to make pretrial mandatory in all cases under Titles XXV and XXVII excepting cases under chapter 299 and unless waived by the party with the approval of the court. 25 Wis. 2d vi. Only in exceptional cases should a court approve a waiver of a pretrial and then in cases where a pretrial would not attain its purposes.

I understand this statute is not uniformly followed and in many cases the pretrial is perfunctory and does not serve its worthy purpose. I think all trial judges should effectively pretrial civil cases and follow the statute with a comprehensive order. In a case where counsel states his client has no expert witness and the pretrial hearing is shortly before the trial, an order should be made to that effect and such party precluded from calling an expert witness at trial. Attorneys must cooperate or if necessary be made to cooperate with the court and the court should make comprehensive orders governing the trial; otherwise, this court will be obliged to hear appeals which could have been avoided by adherence to the pretrial statute.

I am authorized to state Mr. Justice WILKIE joins in this concurring opinion.