809 P.2d 627

**SHAMALON BIRD FARM, LTD.,**
Plaintiff–Appellant and
Cross–Appellee,

v.

**UNITED STATES FIDELITY & GUAR-
ANTY COMPANY, Defendant–Appellee
and Cross–Appellant.**

No. 19083.

Supreme Court of New Mexico.

March 19, 1991.

Bosson & Canepa, Richard E. Bosson, Santa Fe, for plaintiff-appellant and cross-appellee.

Montgomery & Andrews, Walter J. Melendres, Santa Fe, for defendant-appellee and cross-appellant.

## OPINION

FRANCHINI, Justice.

Shamalon Bird Farm, Ltd. (Shamalon) filed suit against United States Fidelity & Guaranty Company (USF & G) claiming bad faith failure to pay insurance benefits under a business interruption policy relating to Shamalon's bird raising business. The case was tried to a jury and resulted in a verdict against Shamalon on its claim, and against USF & G on its counterclaim. Shamalon appeals, claiming the trial court abused its discretion by excluding the testimony of John Conway, Shamalon's insurance expert. We hold the trial court did not abuse its discretion and affirm.

On June 9, 1987, Shamalon filed its complaint. On May 6, 1988, USF & G served interrogatories on Shamalon. Interrogatory No. 21 requested the identity of any expert witness, and a summary of the testimony of each witness. Shamalon answered the interrogatories but objected to Interrogatory No. 21 on the ground that it sought disclosure of work product of Shamalon's counsel. On July 1, 1988, USF & G notified Shamalon that the answer to Interrogatory No. 21 was not satisfactory and requested the identity of additional witnesses and a summary of any expert's testimony. On July 14, 1988, Shamalon requested that the August 22, 1988, trial date

be vacated. On July 27, 1988, Shamalon informed USF & G that it intended to call a bad faith insurance expert, thus far unidentified.

On August 2, 1988, November 14, 1988, and April 26, 1989, the trial dates were vacated and reset at Shamalon's request and over USF & G's objection. On November 1, 1988, Shamalon retained Conway, its bad faith expert. In spring or summer of 1989, Conway received documentation regarding the case from Shamalon's counsel including various pleadings, depositions, the USF & G claim file, reports and records. On April 28, 1989, Shamalon served its Supplemental Response to Interrogatory No. 21, which stated that Conway would "testify as an expert on bad faith insurance matters, specifically the actions and inactions of USF & G in this matter." On September 20, 1989, USF & G filed its motion to compel discovery. In particular, it requested a summary of Conway's testimony. On the same day, USF & G filed its pretrial interrogatories requesting Shamalon to supplement answers to all previous interrogatories pursuant to SCRA 1986, 1-026(E). On September 22, 1989, USF & G noticed the deposition of Conway for October 3, 1989. The deposition was later postponed until December 13, 1989.

On September 25, 1989, the trial was vacated for the fourth time, over USF & G's objection, and given a firm setting of January 8, 1990. On October 11, 1989, Shamalon responded to USF & G's Motion to Compel Discovery. Referring to Interrogatory No. 21, Shamalon stated that Conway would summarize the pertinent documents and offer his opinions and conclusions to Shamalon's counsel. "Plaintiff anticipates that if Conway is offered as a witness, this interrogatory can be answered by no later than the middle of November, and hopefully sooner." Shamalon produced Conway for deposition on December 13, 1989. Conway testified that he had only "preliminary opinions, directions and leanings," which were all "subject to change." Conway was so unfamiliar with the facts of the case that he was unable to state the basis of his opinions.

On December 18, 1989, USF & G filed its Motion to Exclude Testimony of Expert Witness on the basis that Conway did not have final opinions and factual basis therefore, that his lack of preparation was without reasonable justification, and that USF & G would be prejudiced if he were allowed to testify. On January 2, 1990, the trial court heard argument on the motion. Shamalon insisted that the January 8, 1990, trial date be kept and USF & G complete its discovery of Conway the day before or during trial. The court took the motion under advisement until it had read Conway's deposition. On January 4, 1990, the court advised counsel by letter of its decision to exclude Conway's testimony.

■ The trial court did not abuse its discretion by excluding Conway's testimony. "Abuse of discretion occurs when the trial court's decision is contrary to logic and reason." *Roselli v. Rio Communities Service Station, Inc.*, 109 N.M. 509, 787 P.2d 428 (1990). The trial court based its exclusion of Conway's testimony on the following: (1) Conway's deposition, which demonstrated his inability to assist the jury in understanding the testimony or any fact in issue, and (2) prejudice suffered by the defendant in that it was denied a meaningful opportunity to examine the witness.

*Rule 702*

Rule of Evidence SCRA 1986, 11–702 provides:

If scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education may testify thereto in the form of an opinion or otherwise.

The trial court has wide discretion to determine whether a witness is qualified to give testimony as an expert and its determination will not be disturbed unless there has been an abuse of discretion. *Jaramillo v. Anaconda Co.*, 71 N.M. 161, 164, 376 P.2d 954, 955–56 (1962). The trial court listened to argument on Conway's lack of qualifications and his unfamiliarity with the record. The trial court also read Conway's deposi-

tion. Although Conway had worked as an insurance adjuster for a number of years, he never had handled a business interruption claim of any substance, or one that was contested. Furthermore, he could not identify any training in the area of business interruption insurance. Additionally, the court found that Conway had a poor understanding of the facts of a rather complicated case. He had not taken the time to familiarize himself with the facts, and thus did not have a sufficient basis to give opinions that would be of help to the jury. An expert witness must satisfactorily explain steps followed in reaching a conclusion and give reasons for his opinion. *Four Hills Country Club v. Bernalillo County Tax Protest Board,* 94 N.M. 709, 714, 616 P.2d 422, 427 (Ct.App.1979), *cert. quashed,* 94 N.M. 675, 615 P.2d 992 (1980). Without such an explanation, the opinion is not justified. *Id.* In view of Conway's lack of experience and training in the area of business interruption insurance, along with his total unfamiliarity of the record, it was likely that his opinion would not add anything outside the experience of a lay person. Therefore, the court's exclusion of his testimony as an expert was justified.

*Prejudice to Defendant*

██ Conway's inability to assist the jury, combined with the prejudice to USF & G— because they would not have adequate time to prepare their cross-examination and trial strategy—persuades us that there was no abuse of discretion by the trial court. Experts who have been retained in preparation for trial and expected to testify are subject to discovery pursuant to SCRA 1986, 1–026(B)(5)(a).

> A party may through interrogatories require any other party to identify each person whom the other party expects to call as an expert witness at trial, to state the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and the summary of the grounds for each opinion.

*Id.*

The nature of Conway's proposed testimony was complex with regard to the business interruption claim. He had to interpret hundreds of pages of business records, claim reports, marketing issues and information from bird experts. In view of the complexity of the case and the impact of experts, there is a need that counsel be fully apprised of expert's opinions prior to trial so that both parties may properly prepare. *See* Annotation, *Pretrial Discovery of Facts Known and Opinions Held By Opponent's Experts Under Rule 26(b)(4) of Federal Rules of Civil Procedure,* 33 A.L.R.Fed. 403 (1977) (Annotation analyzes federal cases in which the courts have expressly construed or applied similar federal rule on discovery of experts). This principle was followed in *Fultz v. Peart,* 144 Ill.App.3d 364, 376, 98 Ill.Dec. 285, 294, 494 N.E.2d 212, 221 (1986), where the court stated:

> Adequate trial preparation requires timely disclosure of expert witnesses. This is needed prior to trial to investigate the credentials of proposed expert witnesses and to discuss the substance of the expert's testimony with one's own expert in order to properly prepare for cross-examination.

Although Conway had been hired a year prior to the trial, his testimony was surprise testimony because his opinions and the factual basis for the opinions were virtually unknown on the eve of trial. There is a special unfairness here, where Shamalon agreed to make Conway's opinions known, "no later than the middle of November, 1989, and hopefully sooner."

We do not mean to imply that the exclusion of expert witness testimony is the proper action for a trial court to take when a surprise expert is presented. In most cases, ordering a continuance or limiting the subject matter of the testimony would be appropriate. Here, the trial court explored those options and properly rejected them. Over USF & G's objections, Shamalon had already obtained four trial postponements on the ground that it was unprepared. Moreover, when Shamalon's counsel obtained the postponement from

the November 1989, trial date, counsel promised the court that all discovery would be completed and the trial would commence without fail on January 8, 1990. Finally, counsel for Shamalon stated he did not want a continuance when this matter was raised at the January 2, 1990, hearing.

The trial court also considered and properly rejected the option of limiting Conway's testimony to matters already disclosed. The trial court appreciated that an attempt to limit the subject matter of Conway's testimony would still prejudice USF & G since he did not disclose the factual basis of his opinions. Excluding a witness, while still a drastic remedy, is "one of the lesser sanctions" available to the court. *Jenzake v. City of Brookfield*, 108 Wis.2d 537, 542, 322 N.W.2d 516, 519 (Ct.App. 1982). The trial court did not abuse its discretion by excluding Conway's testimony. We agree with the Iowa Supreme Court that trial courts have inherent power to enforce discovery rules and have discretion to impose sanctions for a litigant's failure to obey them. *White v. Citizens Nat'l Bank of Boone*, 262 N.W.2d 812, 816 (Iowa 1978).

We find no abuse of discretion by the trial court in excluding Conway's testimony. Finally, pursuant to SCRA 1986, 12–201(C), a consideration of the merits of USF & G's cross-appeal is not necessary. The judgment of the trial court is affirmed.

IT IS SO ORDERED.

RANSOM and BACA, JJ., concur.